[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15665
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00015-CV-WTM-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREG DOUGLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 7, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Greg Douglas appeals his conviction for conspiracy to possess with intent to

distribute, and to distribute, 5 kilograms or more of cocaine hydrochloride, or 500 grams or more of methamphetamine. In his brief, he argues that the district court abused its discretion in admitting the testimony of Vincent Johnson regarding Douglas's prior cocaine sales because the testimony constituted evidence of prior bad acts inadmissible under Federal Rule of Evidence 404(b), rather than evidence tending to establish his involvement in the charged conspiracy. We affirm.

"The district court has broad discretion to determine the admissibility of evidence, and we will not disturb the court's judgment absent a clear abuse of discretion." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998). Rule 404(b) makes evidence of "other crimes, wrongs, or acts" inadmissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such "other crimes" evidence is not inadmissible, however, when it establishes "(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) [is] necessary to complete the story of the crime, or (3) [is] inextricably intertwined with the evidence regarding the charged offense." *McLean*, 138 F.3d at 1403. "Evidence, not part of the crime charged but pertaining to the chain of events explaining the context . . . of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is

2

necessary to complete the story of the crime for the jury." *Id.* at 1403-04 (holding evidence of the operation of, and defendant's involvement in, a drug organization was properly admitted because it explained why the defendant was targeted in the investigation, explained his relationship with and established the credibility of a confidential informant, and explained the alleged goal of the conspiracy, and thus, was inextricably intertwined with the evidence of the charged offense of conspiracy to possess with intent to distribute crack cocaine); *United States v. Ramsdale*, 61 F.3d 825, 830 (11th Cir. 1995) (holding evidence of possession of the drug the defendant was charged with conspiring to manufacture, during the time period alleged in the indictment, and under circumstances suggesting drug trafficking, was not extrinsic evidence under Rule 404(b) since it was inextricably intertwined with evidence of the charged offense, and was necessary to complete the story of the defendant's role in the charged offense).

Some of the overt acts established by Johnson's testimony overlapped with the period of Douglas's involvement in the charged conspiracy; to that extent, the testimony depicting those acts was properly before the jury. *See Campa*, 529 F.3d at 1002. To the extent some of the acts occurred outside the period of Douglas's involvement in the conspiracy, the testimony depicting them was admissible since it was necessary to establish Douglas's role in the charged conspiracy, his

3

relationship with Johnson , Johnson's credibility, and because it was closely linked in time and circumstances to the charged conspiracy. *See McLean*, 138 F.3d at 1403-04; *Ramsdale*, 61 F.3d at 830. Douglas's argument that the district court abused its discretion in admitting the challenged testimony accordingly fails.

AFFIRMED.